UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-164-RJC-DSC

| | |
|---|---|
| JACLYN ABNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ) | |
| CLIFFORD J. WHITE, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court to memorialize the Court's ruling at the hearing on June 10, 2019. As ordered and for the reasons stated in open court at the hearing on June 10, 2019 before the undersigned, and herein, the Court **GRANTS** Defendant's Motion for Summary Judgment, (Doc. No. 18), on all claims.[1]

Because no material facts are in dispute, and Plaintiff has failed to establish that Defendant lacked probable cause for her arrest warrants, Defendant is entitled to summary judgment in its favor on Plaintiff's federal claim under 42 U.S.C. § 1983 for an alleged violation of her Fourth Amendment right to be free from unreasonable seizure,[2] and Plaintiff's state-law claims for malicious prosecution and false

---

[1] Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).

[2] "An arrest is a seizure of the person." Rogers v. Pendleton, 249 F.3d 279, 290 (4th Cir. 2001). "[T]he general rule is that 'Fourth Amendment seizures are "reasonable" only if based on probable cause.'" Id. (quoting Dunaway v. New York, 442 U.S. 200, 213 (1979)). Here, because Plaintiff's arrest warrants were based on probable cause, her seizure was reasonable, and thus Plaintiff's § 1983 claim must fail.

1

imprisonment.[3]

Although the resisting misdemeanor was not the crime of the century, not the conduct the most egregious, nonetheless, two magistrate judges found probable cause existed to issue Plaintiff's arrest warrants under N.C. Gen. Stat. § 14-223. And even if the Court were to find that Trooper White's procurement of the arrest warrants lacked probable cause, Plaintiff's conviction in state District Court after her first arrest establishes probable cause as a matter of law, regardless of the fact that the matter was subsequently dismissed in Superior Court.[4]

As to Plaintiff's assault and battery claims, summary judgment in favor of Defendant is appropriate because Plaintiff failed to offer more than a scintilla of evidence to support her claims, let alone enough evidence for a reasonable jury to find against Defendant.[5]

---

[3] One element of a malicious prosecution claim is "lack of probable cause for the initiation of the earlier proceeding." Hoover v. McDowell Cty, 1998 U.S. App. LEXIS 12719, at *6–7 (citing Best v. Duke Univ., 448 S.E.2d 506, 510 (N.C. 1994)). "Involuntary restraint and its unlawfulness are the two essential elements of [false imprisonment]." Parrish v. Boysell Mfg. Co., 188 S.E. 817, 820 (N.C. 1936) (quoting State v. Lunsford, 81 N.C. 528 (1879)). "Probable cause is an absolute bar to a claim for false arrest." Adams v. City of Raleigh, 782 S.E.2d 108, 112 (N.C. Ct. App. 2016) (internal citations omitted).

[4] "Absent a showing that the conviction in District Court was procured by fraud or other unfair means, the conviction conclusively establishes the existence of probable cause, even though the plaintiff was acquitted." Hoover v. McDowell County, 1998 U.S. App. LEXIS 12719, at *7 (4th Cir. 1998) (quoting Myrick v. Cooley, 371 S.E.2d 492, 495 (N.C. App. 1988)). Here, the Court determined that Plaintiff's conviction was not procured by fraud or unfair means; therefore, Plaintiff's conviction conclusively establishes the existence of probable cause.

[5] To prevail on an assault and battery claim against a law enforcement officer, a plaintiff must show that the officer used excessive force under the given circumstances. Glenn-Robinson v. Acker, 538 S.E.2d 601, 615 (N.C. Ct. App. 2000) (internal citations omitted). Here, Plaintiff alleges that the handcuffs were tight,

Lastly, even if the Court were to find that Plaintiff's constitutional rights were violated in this case, qualified immunity would shield Defendant from suit because Plaintiff's constitutional rights were not "clearly established" at the time such that a reasonably prudent officer in Defendant's position would have known of those rights. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

**IT IS THEREFORE ORDERED THAT:**

1. Defendant's Motion for Summary Judgment, (Doc. No. 18), is **GRANTED**; and
2. The Clerk of Court is directed to close this case.

Signed: June 19, 2019

Robert J. Conrad, Jr.
United States District Judge

---

painful, and left little marks on her wrists after they were removed. She submitted no documentation or evidence showing that this caused her anything more than temporary discomfort.